**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Frederick Hankins and David Seegars, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Electric-Rooterman and Handyman, Inc. f/k/a The Electric-Rooterman, Inc., Drain Doctor-Electric Man, Inc. d/b/a Rooter-Man, Raye Le Construction and Services LLC, Raye Le Properties, Inc. d/b/a Raye Le Property Management, Raymond Fletcher, Glenna Fletcher, and Jackie Knight, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. NO.: 7:14-cv-04094-TMC

**PARTIES' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION FOR APPROVAL OF SETTLEMENT**

The two named Plaintiffs and the nine Opt-In Plaintiffs (collectively "Plaintiffs") and Electric-Rooterman and Handyman, Inc., Drain Doctor-Electric Man, Inc., Raye Le Construction and Services LLC, Raye Le Properties, Inc., Raymond Fletcher, Glenna Fletcher, and Jackie Knight (collectively "Defendants") hereby notify the Court the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice. By and through their undersigned counsel, the Parties respectfully submit this Memorandum of Law in Support of their Joint Motion to Approve Settlement Agreement and further state as follows:

**FACTUAL BACKGROUND**

Named Plaintiffs Frederick Hankins and David Seegars, former employees of Defendants, filed their Complaint on October 21, 2014, in which they were in part seeking minimum wage and

1

overtime compensation under the Fair Labor Standards Act ("FLSA") stemming from their employment with Defendants as well as similar violations of the South Carolina Payment of Wages Act ("SCPWA"). [ECF No. 1].

On December 2, 2014, Defendants filed their Answer to the Complaint, [ECF No. 6], in which they, *inter alia*: (a) denied that Plaintiffs worked any hours, including overtime hours, for which they was not compensated; (b) that Plaintiffs and all their employees were paid properly under the FLSA; and (c) asserted that Plaintiffs' claims for overtime and liquidated damages could not be sustained because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

Counsel for the Parties have engaged in extensive settlement discussions regarding Plaintiffs' claims, to include three mediations. The Parties have also exchanged numerous documents and information regarding Plaintiffs' claims and the applicable defenses. The Parties additionally exchanged pay records, weekly schedules, and other business records related to the Plaintiffs. Further, the three individually named Defendants and the daughter of one individually named defendant have been deposed by Counsel for Plaintiffs. Additionally, Counsel for Plaintiffs have filed numerous legal briefs with attachments thereto related to multiple motions for summary judgment. [ECF No 73-1]; [ECF No 124-1]; [ECF No. 147-1]. After several years of negotiations, the parties ultimately reached a resolution of all claims. (See Exhibit A – Settlement Agreements)

Despite agreeing to resolve Plaintiffs' claims in this case, Defendants continue to deny that Plaintiffs are entitled to additional wages under the FLSA. Notwithstanding the factual and legal defenses that Defendants believe are applicable in this matter, Defendants determined they preferred to amicably conclude the instant litigation, taking into account the cost and time

associated with the ongoing defense of this case. Additionally, Defendants have taken into account the uncertainty and risks inherent in any litigation.

Plaintiffs determined they preferred to amicably resolve the matter as Defendants were providing them each with a significant portion of the amount they claimed to be owed.

The parties jointly submit to the Court there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendants to evaluate the parties' claims and defenses and make recommendations regarding the resolution of this matter.

## STANDARD OF REVIEW

Before approving a FLSA collective action settlement, the Court must make a final class certification determination. *See* 29 U.S.C. § 219(b); *Carter v. Anderson Merchs., LP,* Nos. 08-cv-00025, 2010 WL 144067, at *3 (C.D.Cal. Jan. 7, 2010). In determining whether to grant final certification, the Court looks to "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Rawls v. Augustine Home Health Care, Inc.,* 244 F.R.D. 298, 300 (D.Md.2007).

Here, the factual circumstances underlying the claims of the eleven existing Plaintiffs are more similar than disparate. They all worked as hourly employees for Defendants. Although their job titles and descriptions vary, the alleged injuries are factually consistent — performing electric, plumbing, handyman work for which they allege they should have been compensated at least minimum wage or overtime wages for all hours worked, and/or all hours worked over 40 hours in a workweek. Second, there is no indication there are individual-specific defenses that would predominate. Finally, with respect to fairness and procedural considerations, a class-wide settlement is an efficient and cost-effective means of resolving the common issue, *i.e.*, the legality

of Defendants' pay practices for hourly employees). *See, Rawls,* 244 F.R.D. at 298 (noting that collective action treatment would serve as an efficient means of resolving a facility-wide FLSA dispute and would further the purposes of § 216(b) by allowing the class members to pool their resources).

The purpose of an "FLSA fairness determination" is to ensure the settlement reflects a reasonable compromise of disputed issues and not a mere waiver of statutory rights brought about by an employer's overreaching. *Saman v. LBDP, Inc.*, Civil Action No. DKC 12-1083, 2013 WL 2949047, *2 (D. Md. June 13, 2013) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Although the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at 2 (D.Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010).

Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the parties' bona fide disputes must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at 2 (D. Md. Aug. 31, 2011) (*citing Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D. Fla. 2010)).

Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness which requires weighing a number of factors including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity,

expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009) (collective action); *see also; Poulin v. Gen. Dynamics Shared Res., Inc.,* No. 09-cv-00058, 2010 WL 1813497, at *1 n.1 (W.D.Va. May 5, 2010) (applying the same factors to a settlement that involved only individual FLSA claims).

Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees and costs, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Ko-Me, LLC*, 2011 WL 3880427, at *3 (internal quotation marks omitted).

### I.     A Bona-Fide Dispute exists whether or not Defendant violated the FLSA's 29 U.S.C. § 207 Overtime Mandate.

It is undisputed that the Defendants failed to pay the Plaintiffs overtime, i.e., time-and-a-half their regular rate of pay for working in excess of forty (40) hours each workweek. *See,* [ECF No. 93-1] (R. Fletcher's Dep. pg. 157 ln. 21-25) ("we didn't pay overtime, not that we just didn't pay overtime, that our policy was that we didn't want to pay overtime because of the way we do business."); *See also*, [ECF No. 58-4] (Defendants' no overtime policy which states: "The competitiveness of our industry does not allow us to pay over time.")

Defendants deny in full the allegations set forth by the Plaintiffs. However, the record of this case demonstrates that Plaintiffs worked overtime hours which could be compensable under the FLSA if proven to a Judge and jury's satisfaction at trial.

The parties present a bona fide dispute regarding the number of hours worked in excess of forty (40) during a workweek thereby entitling them to overtime compensation. Since a bona-fide dispute exists, Plaintiffs will move to the second step in determining whether the proposed settlement is fair and reasonable under the six (6) elements listed above and examined in *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009).

## II.     Extent of Discovery, Stage of Proceedings, Complexity, Expense, and Duration of Litigation – Elements 1 and 2.

The Parties have exchanged an extensive amount of documentation related to the Plaintiffs' working hours to determine how much, if any, overtime compensation was owed. Specifically, Counsel for Plaintiffs conducted two site visits to Defendants' place of business to acquire and copy certain records pertaining to Plaintiffs' employment.

Aside from exchanging relevant documentation, named Defendants Ray Fletcher, Glenna Fletcher, and Jackie Knight's daughter, Kristina Catoe, were deposed on January 27, 2016.

Since a substantial amount of discovery has been conducted, this factor weighs in favor of the Settlement being fair and reasonable. Although this case seeks to be resolved early, the settlement here will only release these Plaintiffs' claims and will not affect any other employees' rights.

Next, the complexity of the case is highlighted by Plaintiffs' argument that named Defendant Ray Fletcher created an employer-employee relationship between himself and the Plaintiffs when he directed them to make repairs and improvements to his twenty plus rental properties. If such employer-employee relationship existed, then named Defendant Ray Fletcher would be jointly and severally liable along with the corporate Defendants. The Fourth Circuit has recently adopted a new six (6) factor test to determine whether an employer-employer exists under

6

the FLSA. *See, Salinas v. Commercial Interiors, Inc.,* 848 F.3d 125, 142 (4th Cir. 2017). This issue presents a very fact intensive inquiry that greatly complicates Plaintiffs' case in chief. Additionally, this issue presents some level of uncertainty as to whom exactly may be found liable at a trial which further complicates this matter.

As to the expense and duration of the litigation, it is the opinion of both Parties' Counsel that they would incur significant additional expenses moving forward with a trial in this matter. There are eleven (11) Plaintiffs and three (3) Defendants that would inevitably have to testify. The outstanding issues that would be presented at trial would include FLSA coverage, FLSA liability, i.e., who exactly is liable, and damages. These are all complicated and fact intensive inquiries. Additionally, it is the opinion of both Parties' Counsel that they would present numerous highly contested evidentiary issues that would have to be taken up on multiple motions in limine.

### III. Absence Fraud of Collusion – Element 3.

Both Counsel for the Plaintiffs and Defendants attest the terms of the Settlement Agreement are absent of any fraud or collusion. The terms of the Settlement Agreement were reached by arms-length negotiations that have taken place over three different mediations.

### IV. Experience of Counsel Representing the Plaintiffs & Opinions of Counsel – Elements 4 and 5.

Together, the Law Office of John G. Reckenbeil, LLC and J. Bradley Bennett, Esquire, have extensive experience with representing Plaintiffs with FLSA claims. Over the last three years, counsel have represented plaintiffs in thirteen (13) wage and hour lawsuits involving FLSA and/or Wage Payment Act claims. Not including the present matter, seven (7) of these thirteen (13) lawsuits were either collective and/or class actions. (Out of the below listed cases, Mr. Bennett is co-counsel on the *Sealed Air* and *Southern Concrete* cases). *See*; *Smith et al v. American Health Associates*, 6:16-cv-03480-TMC (D.S.C. Oct. 25, 2016); *Parker et al v. Sealed Air Corp.,* 2:15-

cv-01354-KM-MAH (D.N.J. Feb. 20, 2015); *Meller et al v. Wings Over Spartanburg, LLC et al*, 2:15-cv-02094-PMD (D.S.C. May 21, 2015); *DeBenedetto et al v. Thaxton Investment Corp. et al*, 6:15-cv-02475-MGL (D.S.C. June 19, 2015); *Mullis et al v. Wings Over Spartanburg, LLC et al*, 2:16-cv-03578-PMD (D.S.C. Nov. 7, 2016); *Morris et al v. Southern Concrete and Construction Inc.*, 8:16-cv-01440-TMC (D.S.C. May 5, 2016); *Huffman et al v. Greenville Technical College et al*, 2016-CP-23-06875.

As reflected in the record and set forth above, the Parties were represented by counsel experienced in wage and hour litigation who protected their client's respective rights and advocated zealously on their behalf. It is the professional opinion of both Parties' Counsel that this settlement is a fair and reasonable resolution of this matter.

**V.     Probability of Success and Amount of Settlement in Relation to Potential Recovery – Element 6.**

In examining documentation of Plaintiffs' actual working hours and Defendants' summary thereof, Plaintiffs were able to prove through said documentation that nine (9) of the eleven (11) Plaintiffs worked overtime hours and were not properly compensated with overtime wages. For the two (2) Plaintiffs who lack evidentiary proof of their working hours, Plaintiffs' Counsel has consulted with these individuals to create their best representative evidence of what they reasonably believe to be owed in uncompensated wages.

In all, the eleven (11) total Plaintiffs in this matter are set to receive an amount that compensates each Plaintiff above their actual estimated FLSA damages plus an equal amount as liquidated damages. The additional monies above the estimated actual FLSA damages constitute compensation for the Plaintiffs releasing any and all claims via a general release. *See, e.g., Coles v. Von Paris Enterprise, Inc.,* 2014 WL 6893861, at *8 n.2 (D. Md. Dec. 3, 2014) ("the fact remains that Plaintiffs' total recovery exceeds the amount that they claimed in overtime under the FLSA.

8

Accordingly, the Court finds that the broad general release provision does not render the Agreement unreasonable as to Plaintiff's FLSA claims.").

All the above-mentioned settlement figures are exclusive of attorneys' fees and costs which are being paid to the Plaintiffs' Counsel separately and in accordance with the FLSA's fee shifting provisions. The securing of payment plan via Promissory Note and Mortgage(s) of Defendants' rental properties provides more certainty that Plaintiffs will actually receive their due and owed monies.

After thoroughly investigating the Plaintiffs' claims, possible damages, and possible defenses, Counsel for Plaintiffs believe the settlement is fair and reasonable under factors addressed in *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).

Finally, the Agreement's provisions regarding attorneys' fees and costs must also be assessed for reasonableness. *See* 29 U.S.C. § 216(b).

## VI.    The Attorney Fees and Costs are Reasonable

The Agreement provides that the Defendant will pay $101,300.61 to compensate Plaintiffs' Counsel for attorneys' fees, costs, and expenses. The payment of attorneys' fees to Plaintiffs turns on the application of the traditional lodestar methodology factors. The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey v. Scotts Co. LLC,* 30 F.Supp.3d 404, 407-08 (D.Md. 2014). (*quoting Blum v. Stenson,* 465 U.S. 886, 890 n.11 (1984)). In addition, the specific facts of the case are to be considered in calculating a reasonable figure.

9

*Menjivar v. Restaurant Comido Latino, LLC*, Civil Action No. DKC 14-3768 (D. Md. Jan. 11, 2016).

To support their payment of attorney fees and costs, Plaintiffs' Counsel have provided detailed billing records providing the date on which each service was performed; a short description of the service; the number of hours spent performing the service; the rate that was billed; and the total amount billed for the service. (See Exhibit B – Attorney Fees and Costs).

Plaintiffs' Counsel believe the billing rate of $375.00 per hour is well in line with those prevailing in the community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

Further, the Parties stipulate the amount allocated for attorneys' fees and costs is reasonable based on the reduction to a lower amount of time actually spent by Plaintiffs' counsel in prosecuting and ultimately resolving these claims. Specifically, the attorney fees and costs do not include the time spent on the latest efforts negotiating and consummating this settlement.

## **CONCLUSION**

Based upon the foregoing, the parties respectfully submit the settlement reached herein was a reasonable compromise that was arrived at after due consideration. The Parties request the Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice.

[SIGNATURE PAGE FOLLOWS]

S/John G. Reckenbeil
John G. Reckenbeil, Fed I.D. No. 7671
Lawrence E. McNair, III, Fed I.D. No. 11723
LAW OFFICE OF JOHN RECKENBEIL, LLC
215 Magnolia Street (29306)
Post Office Box 1633
Spartanburg, South Carolina 29304
Phone: (864) 582-5472
Fax: (864) 582-7280
john@johnreckenbeillaw.com

J. Bradley Bennett, Fed I.D. No. 8011
SALVINI & BENNETT, LLC
101 W. Park Avenue
Greenville, SC 29601
Phone: (864) 232-5800

ATTORNEYS FOR PLAINTIFFS

S/James Ervin
James Ervin, Fed I.D. No. 9537
Ervin & McGuire Law Firm, LLC
1824 Bull Street
Columbia, South Carolina 29206
Phone: (803) 708-8471
james@ervinandmcguire.com

ATTORNEY FOR DEFENDANTS